O

# United States District Court
# Central District of California

RAHA MOMENI et al.,

          Plaintiffs,

   v.

ANTONY J. BLINKEN et al.,

          Defendants.

Case № 2:24-cv-04879-ODW (AGRx)

**ORDER DENYING**

**MOTION TO DISMISS [33]**

## I.    INTRODUCTION

Plaintiffs Raha Momeni, Faraz Momeni, Mozhgan Khorrami, Tara Momeni, and Ali Momeni bring this mandamus action against Defendants Marco Rubio, as U.S. Secretary of State, and Robert Jachim, as Acting Director of the Office of Screening, Analysis, and Coordination.[1]  (Pet. ¶¶ 16–22, Dkt No. 1.)  Plaintiffs filed a petition for writ of mandamus ("Petition") seeking to compel Defendants to adjudicate their pending family-based immigrant visa applications.  (*Id.* ¶ 11.)  Defendants move to dismiss Plaintiffs' Petition.  (Second Mot. Dismiss ("Motion" or "Mot."), Dkt No. 33.)  For the reasons below, the Court **DENIES** the Motion.[2]

---

[1] Pursuant to Federal Rule of Civil Procedure ("Rule") 25(d), Marco Rubio is substituted for Antony J. Blinken and Robert Jachim is substituted for Carson Wu.

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND[3]

In 2007, Raha Momeni, a United States citizen, filed a family-based I-130 Petition for Alien Relative to sponsor her brother, Faraz Momeni, an Iranian national, and his derivative spouse and children, Mozhgan Khorrami, Tara Momeni, and Ali Momeni, for immigrant status.  (Pet. ¶¶ 54–57.)  In 2012, U.S. Citizenship and Immigration Services approved Raha's[4] I-130 petition, and in 2019, Faraz, Mozhgan, Tara, and Ali were permitted to and timely filed their DS-260 immigrant visa applications ("Applications").  (*Id.* ¶¶ 58–60.)

On June 20, 2023, Faraz, Mozhgan, Tara, and Ali were interviewed by the Consular Section of the U.S. Embassy in Ankara, Turkey ("Embassy").  (*Id.* ¶ 61.)  At the conclusion of the interview, the consular officer informed them that "the application would have to undergo mandatory administrative processing which would be completed in a few months."  (*Id.* ¶ 62.)  The consular officer provided a notice informing them that the "visa application is temporarily refused under section 221(g) of the US Immigration and Nationality Act" ("INA"), and "this refusal may be overcome once the missing documentation and/or administrative processing have been met."  (*Id.* ¶ 62, Ex. D ("§ 221(g) Notice"), Dkt. No. 1-4.)  The Embassy emailed Faraz and requested that he complete additional Form DS-5535, Supplemental Questions for Visa Applicants, and Faraz provided the requested further fifteen years of personal detailed history on June 21, 2023.  (Pet. ¶¶ 64–65.)  On July 11, 2023, the Embassy confirmed receipt of Faraz's completed DS-5535 questionnaire and informed him that the "[c]ase is currently in administrative processing. If we need additional information, we will contact you again."  (*Id.* ¶ 66.)

For more than a year, the status of Faraz and his family's applications remained unchanged.  The Consular Electronic Application Center ("CEAC") website showed

---

[3] Factual references derive from Plaintiffs' Petition or attached exhibits, unless otherwise noted.  The Court also considers cited extrinsic evidence beyond the Petition, as is appropriate on a factual Rule 12(b)(1) challenge.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

[4] The Court respectfully uses first names for clarity.

the case was "Refused," and stated that applications "refused for administrative processing . . . will remain refused while undergoing such processing," and "will receive another adjudication once such processing is complete." (*Id.* ¶ 68, Ex. B ("CEAC Status"), Dkt. No. 1-2.) Plaintiffs inquired multiple times as to the status of their Applications and received no useful information. (Pet. ¶ 70.) As of February 5, 2024, "the case [wa]s still undergoing the required administrative processing." (*Id.* ¶ 71, Ex. E ("Embassy Corr.") 4, Dkt. No. 1-5.)

Accordingly, on June 10, 2024, Plaintiffs filed this Petition alleging that Defendants have unreasonably delayed adjudicating their Applications and seeking to compel Defendants to adjudicate their applications and issue a final decision. (Pet. ¶¶ 10–11.) On December 13, 2024, the Court denied Defendants first motion to dismiss, finding among other things that a refusal for administrative processing is not a final adjudication. (Order Den. First Mot. Dismiss 8–9, Dkt. No. 16.)[5]

On June 4, 2025, President Trump issued Proclamation 10949 under 8 U.S.C. § 1182(f) ("Proclamation"). *See* Proclamation 10949, 90 Fed. Reg. 24,497 (June 10, 2025). The Proclamation fully suspends and "limit[s] the entry of nationals" from twelve countries, including Iran. *Id.* §§ 1(f), 2(h). The suspensions and limitation on entry apply only to foreign nationals of the designated countries who "are outside the United States" and "do not have a valid visa on the applicable effective date of this [P]roclamation," June 9, 2025. *Id.* § 4(a). The Proclamation's designations are not permanent, and it expressly provides for continuing assessment for the purposes of reevaluation of the suspensions and limitations on entry. *Id.* § 5.

In implementing the Proclamation, Defendants have established a policy of refusing visa applications pursuant to § 1182(f). (Opp'n Ex. B ("Implementation Cable") ¶ 2, Dkt. No. 35-2.) Under this policy, Defendants direct consular officers to refuse, pursuant to § 1182(f), all visa applications by applicants who are subject to the

---

[5] The Court granted in part Defendants' first motion to dismiss and dismissed Plaintiffs' APA § 706(2) cause of action but denied Defendants' first motion to dismiss in all other respects. (Order Den. First Mot. Dismiss 12.)

Proclamation, regardless of their application's status or circumstances. (*Id.* ¶ 8(c)(i).) This includes retroactively rejecting already approved and adjudicated visa applications. (*Id.* ¶ 12(d), (e).) On June 12, 2025, Defendants "refused" Plaintiffs' visa application under § 1182(f), "pursuant to" the Proclamation. (Mot. 5.)

Defendants now again move to dismiss Plaintiffs' Petition, this time arguing that Defendants' refusal of Plaintiffs' Applications under § 1182(f) moots Plaintiffs' claims. (*Id.* at 5–7.)

## III.      LEGAL STANDARD

Rule 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction. As "standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under" Rule 12(b)(1). *White*, 227 F.3d at 1242. Rule 12(b)(1) jurisdictional challenges can be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation modified). Conversely, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id*. The party attempting to invoke a court's jurisdiction bears the burden of proof for establishing jurisdiction. *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

## IV.      DISCUSSION

The Court previously found that Plaintiffs adequately allege Defendants have a mandatory, non-discretionary duty to timely render a decision on visa applications and have unreasonably delayed final adjudication of Faraz's Application. (Order Den. First Mot. Dismiss 9, 12.) Through their Petition, Plaintiffs seek an order compelling a final adjudication of their Applications pursuant to 8 U.S.C. § 1182(a). (*See* Pet. ¶¶ 138, 151, 153.) Defendants argue in this Motion that the Court must dismiss

Plaintiffs' Petition because Defendants refused their visas under § 1182(f) following the Proclamation, thereby mooting Plaintiffs' claims.  (Mot. 1.)

Section 1201(g) of the INA provides "[n]o visa . . . shall be issued to an alien if . . . it appears to the consular officer . . . that such alien is ineligible to receive a visa or such other documentation under section 1182."  8 U.S.C. § 1201(g).  The reference to "section 1182" refers to the visa ineligibility grounds found in 8 U.S.C. § 1182(a), not the entry determination grounds found in 8 U.S.C. § 1182(f).  *Young v. Trump*, 506 F. Supp. 3d 921, 944 (N.D. Cal. 2020) (noting that § 1202(g) and § 1182(a) govern "whether applicants are eligible to receive a visa," while § 1182(f) governs "[e]ntry determinations").  Thus, § 1201(g) precludes the issuance of visas to persons who are "ineligible to *receive a visa*" under § 1182, "not to persons who are only ineligible *to enter* under that provision."  *Gomez v. Trump*, 485 F. Supp. 3d 145, 191 (D.D.C. 2020) (quoting 8 U.S.C. § 1201(g)).

This "distinction between admissibility determinations and visa issuance" is not novel; the Supreme Court has emphasized that it is "basic" and "runs throughout the INA."  *Trump v. Hawaii*, 585 U.S. 667, 694 (2018).  Although Defendants contend that "§ 1201(g) prevents consular officers from issuing visas to aliens subject to a Proclamation suspending entry under § 1182(f)," (Mot. 3), such a reading conflates the "distinction between *entry* into the United States and *admissibility* to the United States (e.g., through receiving a visa)," *Noori v. Rubio*, No. 8:25-cv-00400-DOC (ADSx), 2025 WL 3691400, at *1 (C.D. Cal. Oct. 24, 2025).  Thus, under § 1182(f), the President may *suspend entry* of a class of aliens, as was done with the Proclamation.  However, a "suspension of entry under § 1182(f) . . . has no bearing on whether the person is inadmissible under § 1182(a) or ineligible to receive a visa under § 1201(g)." *Young*, 506 F. Supp. 3d at 945 (citation modified).

In this case, Plaintiffs seek a final decision, "an approval or denial," *Noori*, 2025 WL 3691400, at *1, by the consular officer on their Applications pursuant to § 1201(g) and § 1182(a), (*see* Pet. ¶¶ 138, 153, 173, 179, 195, Prayer ¶¶ B–D).  A

"refusal" pursuant to § 1182(f) and the Proclamation's suspension of entry is not such a final decision.    Indeed, the Proclamation's impermanence underscores this conclusion. (Proclamation § 5.)  The refusal pursuant to § 1182(f) thus fails to satisfy Defendants' mandatory, non-discretionary duty to finally adjudicate Plaintiffs' Applications.  Plaintiffs' claims are not moot.

## V.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Dismiss.  (Dkt. No. 33.)  Within fourteen (14) days of the date of this order, the parties shall file a Joint Report providing their positions as to next steps and proposing any relevant dates and deadlines.

**IT IS SO ORDERED.**

May 27, 2026

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

6